# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMELLA PINKNEY-PRICE, | : | CIVIL NO.: 3:17-cv-00189 |
| Plaintiff, | : | |
| v. | : | (Caputo, J.) |
| | : | (Saporito, M.J.) |
| PNC MORTGAGE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This is a *pro se* civil action invoking the court's jurisdiction under 28 U.S.C. § 1332(a)(1). The plaintiff, Camella Pinkney-Price, filed her original complaint on February 1, 2017. (Doc. 1). Thereafter, she filed an amended complaint as a matter of course on March 21, 2017. (Doc. 7). After one of the defendants, PNC Mortgage ("PNC"), appeared and filed a motion to dismiss the amended complaint (Doc. 11), Pinkney-Price filed a proposed second amended complaint, together with a brief cover letter (Doc. 19) without leave of court or consent of the parties. Nevertheless, we construed that filing as a motion for leave to file a second amended complaint, which we granted. (Doc. 20). In our order, we deemed the motion to dismiss filed by PNC (Doc. 11) to have been filed in response to the second amended complaint. (Doc. 20). PNC's

motion (Doc. 11) is now before us for disposition. For the reasons set forth herein, we recommend that the motion be granted for failure to state a claim upon which relief can be granted and that the second amended complaint be dismissed.

## I. Statement of Facts

In her second amended complaint, Pinkney-Price alleges that defendant Preservation Field Services, LLC ("Preservation") erroneously secured and winterized her property located at 1078 Delaware Lane, Stroudsburg, Pennsylvania, (the "Property") while she was residing therein. She also alleges that Preservation: (1) illegally entered her home; (2) caused substantial damage to the Property and her personal property; and (3) removed certain personal property items from the Property. (Doc. 21, at 6). She further alleges that PNC issued the inspection order to defendant Safeguard Properties Management LLC ("Safeguard") which thereafter contracted with Preservation.

Pinkney-Price alleges that PNC acted wrongfully by ordering property inspections while the matter was referred to the state court's conciliation program, which had stayed the foreclosure action. She also alleges that PNC acted wrongfully by refusing to work with her and arrive at an acceptable loan modification.

2

PNC filed a mortgage foreclosure action in the Court of Common Pleas of Monroe County, Pennsylvania, on October 5, 2015.[1] That matter was referred to the state court's conciliation program which stayed the foreclosure action. The stay was eventually lifted on November 10, 2016, after the parties had attended several conciliation conferences. Thereafter, PNC obtained a default judgment against Pinkney-Price in the amount of $278,522.92. The state court denied Pinkney-Price's motion to lift the default judgment and postponed the Sheriff's sale from May 25, 2017, to July 27, 2017.

---

[1] In the second amended complaint, Pinkney-Price made no reference of the foreclosure action filed in the Court of Common pleas of Monroe County, Pennsylvania, captioned *PNC Bank, N.A. v. Camella Pinkney-Price*, No. 7079-cv-2015. PNC's motion to dismiss contained the filings in that action as well as the docket record contained in publicly available state court records. These state court materials are public records of which this court may properly take judicial notice in ruling on a motion to dismiss. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

## II.   *Legal Standards*[2]

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

---

[2] PNC also moved to dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in that the plaintiff and former defendant Nepa Property Managers ("Nepa") are both citizens of Pennsylvania. The plaintiff expressed her desire to withdraw the case against Nepa (Doc. 17, at 4) and omitted it as a party-defendant in the second amended complaint, and as a consequence we terminated Nepa as a party-defendant on June 28, 2017. (Doc. 20). Therefore, we deem PNC's 12(b)(1) motion to be moot.

Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.,* 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

### III. Discussion

While Pinkney-Price's complaint is inartfully drafted and lacks clarity, *pro se* litigants' pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In interpreting the pleadings of *pro se* litigants, the Third Circuit has held that courts "have a special obligation to construe [the] complaint liberally." *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Guided by these principles, we construe Pinkney-Price's second amended complaint to allege that PNC improperly ordered property inspections, and that it is vicariously liable to the plaintiff for the alleged conduct of Preservation. Further, we construe the second

5

amended complaint as alleging a cause of action based upon PNC's refusal to grant the plaintiff a loan modification. We find that all of these claims lack merit.

> 1. **Pinkney-Price fails to allege a cause of action based upon PNC's conduct in ordering property inspections**.

Accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, as we must, we find that the plaintiff has failed to state a claim against PNC for improperly ordering property inspections. PNC's right to order property inspections arises under the terms of the mortgage. The mortgage contains language allowing inspections of the Property by PNC as follows: "Lender may inspect the Property if the Property is vacant or abandoned <u>or the loan is in default</u>." (Doc. 11-4, at 5) (emphasis added). The right of inspection must be construed according to its terms. *First Capital Life Ins. Co. v. Schneider, Inc.*, 608 A.2d 1082, 1086 (Pa. Super. 1992). The terms of the mortgage plainly permit PNC to inspect the Property if the loan is in default, which it was.

In her complaint, Pinkney-Price alleges that PNC issued an order to Safeguard to enter the Property to change the locks and to winterize the home. In addition, she alleges that performing the inspections

violated the stay order issued by the state court. If Pinkney-Price determined that conducting inspections during a foreclosure action violated the state court's stay order, she could have brought that issue before the state court. (Doc. 29, at 6).

Pinkney-Price alleges that she was displaced from her home on October 1, 2016, after the locks were changed. The displacement caused damage to the hot water heater. Further, she alleged that she did not abandon her home. It is clear from the record, however, that the plaintiff was in default of the loan, having failed to make several mortgage payments. Thus, as the mortgage permitted PNC to inspect the Property in the event of a default of the loan, Pinkney-Price's second amended complaint fails to allege a cause of action based upon PNC's conduct in ordering inspections.

### 2. PNC is not liable for the conduct of Preservation.

The plaintiff maintains that PNC is liable for ordering property inspections through Safeguard, which allegedly contracted with Preservation. As there is no dispute that Pinkney-Price's loan with PNC was in default, the Mortgage allows PNC to inspect the Property in that event.

In order for PNC to be liable for any act of Preservation, Pinkney-Price must establish the existence of an agency relationship between PNC and Safeguard. Under Pennsylvania law, there are three basic elements of agency: "the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking, and the understanding of the parties that the principal is to be in control of the undertaking." *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000). The burden of establishing an agency relationship rests with the party asserting the relationship. *Id.*; *Scott v. Purcell*, 415 A.2d 56, 61 n.8 (Pa. 1980).

Under the facts alleged in the second amended complaint, even with a liberal construction, Pinkney-Price merely alleged that PNC issued an order to Safeguard to change the locks and winterize the home. (Doc. 29, at 6). Also, she alleged that Safeguard entered into a contract with Preservation to change the locks and winterize the home. (*Id.*). She has not alleged that either Safeguard or Preservation acted on behalf of PNC or that Preservation accepted such an undertaking. Moreover, the allegations, at best, allege an independent contractor agreement. In Pennsylvania, an agency relationship is distinguished from an independent contractor relationship based on the amount of

control one party has over the other. *Jones v. Century Oil, U.S.A.* 957 F.2d 84, 86 (3d Cir. 1992). In an agency relationship, the principal not only controls the results of the work but has the right to direct the way in which it shall be done. *Fellar v. New Amsterdam Cas. Co.*, 70 A.2d 299, 300 (Pa. 1950). In contrast, an independent contractor has the exclusive control over the manner of performing the work, being only responsible for the result. *Id.*

Even with a liberal construction of the pleadings, the second amended complaint is devoid of allegations to suggest that PNC controlled the results of the inspection as well as the manner in which the inspection was to be performed. Nor do the allegations suggest that either Safeguard or Preservation expressly or impliedly consented to an agency relationship. For those reasons, we must recommend that PNC's motion be granted.

### 3. Pinkney-Price fails to state a cause of action against PNC for its refusal to grant her a loan modification.

In the second amended complaint, Pinkney-Price alleged that she and PNC were involved in the mortgage foreclosure diversionary program in the state court. She asserts that PNC refused to grant her a loan modification and based her action upon that fact.

In the state court's order of April 27, 2017, Pinkney-Price was directed to provide the remaining documents to PNC for its consideration of a mortgage modification. (Doc. 11-9). The state court further ordered that PNC was required to respond to Pinkney-Price's request to modify on July 19, 2017. (*Id.*). The record is devoid of facts to determine whether Pinkney-Price submitted the remaining documents to PNC, and if PNC formally responded to the request for modification.

Nevertheless, the Home Affordable Modification Program (HAMP) does not provide borrowers with a private cause of action against lenders or failure to modify an existing loan, or even for failing to consider their application for loan modification. *Keosseian v. Bank of America*, Civil Action No. 11-3478, 2012 WL 458470 at 2 (D.N.J. Feb. 10, 2012). What remains unclear, however, is whether PNC made representations to Pinkney-Price to falsely induce her to make payments or to continue with the loan modification process with no intention of following through on any loan modification before foreclosing. If those facts exist, Pinkney-Price may have a viable claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law which prohibits unfair or deceptive acts or practices in

the conduct of any trade or commerce. 73 Pa. Stat. §201-3; *Wilson v. Bank of America, N.A.,* 48 F. Supp. 3d 787, 810-11 (E.D. Pa. 2014) (lender engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding by stringing borrower along and inducing her to make additional payments with no intention to follow through on any loan modification).

Under the current state of the record we are constrained to recommend that PNC's motion to dismiss be granted and the second amended complaint be dismissed for failure to state a claim upon which relief can be granted.

### 4. Leave to amend.

The Third Circuit has instructed that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless an amendment would be inequitable or futile. *Fletcher v. Hardec Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007). In this case, it is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Pinkney-Price be granted leave to file an amended complaint within a specified time period following dismissal of the complaint.

## *IV. Recommendation*

For the foregoing reasons, it is recommended that:

1. The motion to dismiss by PNC under Fed. R. Civ. 12(b)(6) (Doc. 11) be GRANTED, and the second amended complaint be DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6);

2. The motion to dismiss by PNC under Fed. R. Civ. P. 12(b)(1) (Doc. 11) be DENIED as MOOT;

3. The plaintiff be granted leave to file a third amended complaint within a specified period of time following the dismissal of the second amended complaint; and

4. The matter be remanded to the undersigned for further proceedings.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: November 17, 2017

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMELLA PINKNEY-PRICE, | : | CIVIL NO.: 3:17-cv-00189 |
| Plaintiff, | : | |
| v. | : | (Caputo, J.) |
| | : | (Saporito, M.J.) |
| PNC MORTGAGE, et al., | : | |
| Defendants. | : | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 17, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: November 17, 2017            ***s/ Joseph F. Saporito, Jr.***
                                    JOSEPH F. SAPORITO, JR.
                                    United States Magistrate Judge